UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-5281-SVW-JPR | Date | July 24, 2015 |
|---|---|---|---|
| Title | Sergio Varela v. Syrus Gahremand, et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING THE CASE AND ORDERING DEFENDANTS TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED

   Generally, removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). But it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441; *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002). The removing party bears the burden of establishing subject matter jurisdiction. *Gaus*, 980 F.2d at 566.

   Syrus Gahreman and Lourdes Barragan removed this case on July 14, 2015, invoking this Court's diversity jurisdiction. *See* 28 U.S.C. § 1331. Gahreman and Barragan failed to allege the citizenship of each party, however, and the allegations in the notice of removal and complaint suggest that all parties are California citizens. Moreover, the unlawful detainer complaint indicates that less than $10,000 is at issue — far below the jurisdictional minimum. Gahreman and Barragan therefore failed to carry their burden of establishing subject matter jurisdiction.

   Nor is this the first time Gahreman has filed a frivolous removal. On May 29, 2015, Gahremand removed this case to this Court. Sergio Varela v. Syrus Gahreman, et al., No. 2:15-cv-4046-SVW-JC (C.D. Cal. 2015). There, he tried to invoke the Court's federal question jurisdiction. *Id.*, dkt. 4. The Court promptly remanded the case because his argument was meritless. *Id.*, dkt. 4. On June 19, 2015, Gahremand again removed this case. Sergio Varela v. Syrus Gahreman Gahreman, et al., No. 2:15-cv-4673-FMO-JPR (C.D. Cal. 2015). Judge Olguin also remanded the case promptly, finding that there was no colorable basis for diversity or federal question jurisdiction. *Id.*, dkt. 5. That makes this the third time Gahreman has filed a baseless removal in this case — a blatant abuse of process.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-5281-SVW-JPR | Date | July 24, 2015 |
|---|---|---|---|
| Title | Sergio Varela v. Syrus Gahremand, et al. | | |

JS - 6

Therefore, for the reasons stated above, the Court:
1. **REMANDS** the case to the California Superior Court for the County of Los Angeles.
2. **ORDERS** Defendants to show cause why the Court should not impose sanctions for abusing the legal process by filing three objectively meritless removal petitions. Defendants shall respond in writing no later than August 5, 2015. Plaintiff may respond no later than August 10, 2015. This matter shall be heard on August 17, 2015, at 1:30 p.m.[1]

---

[1] A court may, as the Court here does, retain jurisdiction over collateral proceedings after remanding a case. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).

:

Initials of Preparer     PMC